UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:14-CV-14445-ROSENBERG/LYNCH

FIRST MUTUAL GROUP, L.P.,

    Plaintiff,

v.

MICHAEL T. MIQEULON,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss [DE 24]. The Motion has been fully briefed by the parties. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted and Plaintiff's Amended Complaint is dismissed with prejudice as Plaintiff's claims are time-barred by the Florida statute of limitations.

### I.  BACKGROUND

Defendant is a property appraiser. DE 23 ¶ 1. Defendant authored an appraisal dated April 29, 2003. DE 23 at Ex. 1. Seven years later, April 10, 2010,[1] the real property that was the subject of Defendant's appraisal was foreclosed upon and title was transferred to the primary mortgage holder.[2] The property was resold to a third party in December of 2010. Approximately four years

---

[1] The date the property is alleged to have been foreclosed upon is April 8, 2013. DE 23 ¶ 11. The Court reconciles Plaintiff's erroneous pleading with supplemental facts as more fully described below.

[2] The Court may consider the judgment of foreclosure when, as here, the document is central to Plaintiff's claims and is undisputed in terms of authenticity. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). After Defendant provided the judgment of foreclosure as an attachment in his Motion to Dismiss, Plaintiff raised no objection to the authenticity of the document or the terms contained therein. Moreover, the Court may take judicial notice of the documents in the foreclosure case. *See Universal Express, Inc. v. U.S.S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006)

1

after the foreclosure, March 31, 2014, Plaintiff was "assigned all rights, title, and interest to and under the real estate appraisal of the property." DE 23 ¶ 3. Plaintiff initiated the present suit on November 6, 2014 and served Defendant on February 13, 2015. Plaintiff filed an Amended Complaint after its original Complaint was dismissed without prejudice. Defendant's second Motion to Dismiss is the matter presently before the Court.

Before turning to the substance of Defendant's Motion to Dismiss, the Court addresses the deficiencies in Plaintiff's Amended Complaint. Incredibly, Plaintiff argues in its Response to the Motion to Dismiss, for the second time, that facts outside of the Complaint (upon which it relies to refute the Motion to Dismiss) should be considered and that the allegations in its Amended Complaint are incorrect. Plaintiff previously relied upon facts in a response to an earlier motion to dismiss and, as a result, the Court permitted Plaintiff to amend its original complaint. Nonetheless, Plaintiff in its Response to the instant Motion now states that three critical facts are incorrectly pled in its Amended Complaint. First, Plaintiff avers that a foreclosure judgment was actually entered in April of 2010, not April of 2013. Second, the mortgage interest in this case was a first lien mortgage, and not a second lien mortgage as pled. *See* DE 23 ¶ 20. Thirdly, the Plaintiff alleges that the real property was sold to a third party in December of 2010, which is a fact completely absent from the Amended Complaint notwithstanding Plaintiff's reliance upon the same.

The Court resolves the deficient allegations in the Amended Complaint by giving Plaintiff the benefit of the doubt in assuming that the facts Plaintiff relies upon in its Response could be pled in its Amended Complaint. The Court's decision to make this assumption is based upon the

---

(noting that a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment).

2

conclusion that it would be unfair to require Defendant to fully brief a *third* motion to dismiss solely because of Plaintiff's poor pleading.

## II.     LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III.    ANALYSIS AND DISCUSSION

Defendant argues that Plaintiff's claims are time-barred by the Florida statute of limitations.[3] Plaintiff brings two counts: breach of contract (Count I) and professional negligence (Count II). The Court considers each count in turn.

**Count I, Breach of Contract.**

A breach of contract claim must be brought within five years. Fla. Stat. § 95.11(2). Even if the Court were to assume that the appraisal at issue was a contract, or that another contract existed which resulted in the creation of the appraisal, the date of the appraisal is April 29, 2003. DE 23 at Ex. 1. Thus, Florida's statute of limitations precluded Plaintiff's breach of contract claim sometime in the spring of 2008. Plaintiff's breach of contract claim is therefore time-barred.

Alternatively, Plaintiff's breach of contract claim is governed by the two-year statute of limitations applicable to professional negligence claims and is time-barred as discussed below. The Court reaches this alternative conclusion by adopting the position of other district courts in

---

[3] The only reasonable inference from the allegations before the Court is that Florida law applies to Plaintiff's claims.

3

other cases brought by Plaintiff on similar facts, notwithstanding Plaintiff's deficient pleading and attempts to argue around the issue of privity in the instant case. *See First Mut. Grp., L.P. v. Muricano*, No. 14-24169 (S.D. Fla. Aug. 19, 2015); *First Mut. Grp., L.P. v. Klein*, No. 14-14662 (S.D. Fla. June 19, 2015); *First Mut. Grp., L.P. v. Mejido*, No. 14-24167 (S.D. Fla. June 12, 2015).

**Count II, Professional Negligence.**

A professional negligence claim must be brought within two years. Fla. Stat. § 95.11(4)(a). An appraiser "is a professional within the meaning of section 95.11(4)(a)." *FDIC v. Pearl*, No. 8:12-CV-1813, 2013 WL 1405941, at *5 n.5 (M.D. Fla. Apr. 8, 2013) (quoting Fla. Stat. § 475.611(1)(h)). Florida law provides, however, that "the period of limitations shall run from the time the cause of action is discovered or *should have been discovered* with the exercise of due diligence." Fla. Stat. § 95.11(4)(a) (emphasis added). Plaintiff alleges that it discovered the negligence in this case on or about May 28, 2014 when it conducted a "quality control review" of Defendant's appraisal report. DE 23 ¶ 8. This allegation therefore answers the question, for the purposes of the instant Motion to Dismiss, when the cause of action was discovered. When the cause of action *should* have been discovered is another matter.

Here, a foreclosure sale was conducted in April of 2010. Even giving Plaintiff the benefit of all possible doubt, and using the date Plaintiff alleges the property was resold to a thirty party, December 2010, Plaintiff's claim is still time-barred. The only possible inference from Plaintiff's allegations is that the foreclosure sale (regardless of the applicable date in the year 2010) resulted in a loss for the primary mortgage holder. Accepting Plaintiff's allegations as true, upon incurring a loss at the foreclosure sale the primary mortgage holder knew or *should have known* that Defendant's appraisal misrepresented the value of the subject property. *See Lehman Bros.*

4

*Holdings, Inc. v. Phillips*, 569 F. App'x 814, 817 (11th Cir. 2014) (plaintiff "knew or should have known no later than December 19, 2007, that the appraisal on the first mortgage misrepresented the value of the property" because it was then that the plaintiff "sustained at least a slight injury in the loss of the investment"); *First Mut. Grp. v. Klein*, No. 14-cv-14462 (S.D. Fla. June 19, 2015) ("[T]he two-year statute of limitations began to run . . . when the Property sold for much less than its appraised value."); *see also Llano Funding Grp., LLC v. Cassidy*, No. 14-CIV-62863, 2015 WL 4698407 (S.D. Fla. Aug 6, 2015) (appraisal negligence claim accrued at the time of foreclosure). Florida law establishes that it is when a plaintiff becomes aware that he has suffered *some loss* that the statute of limitations begins to run under section 95.11(4)(a). *See Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36, 42 (Fla. 2009). Accordingly, the two-year statute of limitations ran in December of 2012, two years before Plaintiff initiated the present suit and Plaintiff's professional negligence claim is time-barred.

As a final matter, although Plaintiff attempts to argue that a four-year statute of limitations period applies to its professional negligence claim rather than the aforementioned two-year period, this argument also fails. In the event Plaintiff is in privity with the original lender by virtue of a proper chain of assignments (which are not attached to Plaintiff's Amended Complaint), Plaintiff's claim is time-barred for all of the reasons set forth above. In the event Plaintiff is not in privity, Plaintiff's claim still fails. This is because, in the absence of the two-year statute of limitation period associated with professional negligence (which is based upon when negligence was discovered and which requires privity), Plaintiff's ordinary negligence claim—which does not require privity—would accrue *from the time of the negligent act*:

> Section 95.11(4)(a) creates a two-year limitations period for suits brought for professional malpractice where the parties are in privity. In the absence of this

5

> statute, suits grounded in contract would be subject to the limitations period of five years as set forth in section 95.11(2)(b), Florida Statutes (1983). Likewise, suits brought in tort would be governed by the four-year statute of limitations pertaining to general negligence actions. *See id.* § 95.11(3)(a).

*Baskerville-Donovan Eng'rs, Inc. v. Pensacola Exec. House Condo. Ass'n, Inc.*, 581 So. 2d 1301, 1302 (Fla. 1991).  Thus, in the absence of privity Plaintiff's claims accrued at the time the original lender received a negligent appraisal and funded a loan on improperly valued real estate.  *See Nale v. Montgomery*, 768 So. 2d 1166, 1167 (Fla. Dist. Ct. App. 2000) (holding professional negligence law is inapplicable to an ordinary negligence claim); *Cisko v. Diocese of Steubenville*, 123 So. 3d 83, 84 (Fla. Dist. Ct. App. 2013) (delayed discovery does not apply to ordinary negligence claims); *Doe v. Sinrod*, 90 So. 3d 852, 854 (Fla. Dist. Ct. App. 2012) (declining to apply the delayed discovery doctrine to a negligence action); *Kellermeyer v. Miller*, 427 So. 2d 343, 346 (Fla. Dist. Ct. App. 1983) ("When . . . the security of [the loan] was impaired[,] there was an immediate diminution in the market value of [plaintiff's] note and mortgage . . . . [this] supplied the damage element essential to the accrual of a cause of action."); *see also Raie v. Chemivova, Inc.*, 336 F.3d 1278, 1280-81 (11th Cir. 2003) (noting that Florida's delayed discovery rule for the statute of limitations is "as narrow as can be").  Plaintiff's general negligence claim, assuming a lack of privity, would therefore have been time-barred sometime in the spring of 2007.  *See* Fla. Stat. § 95.11(3).  Each of Plaintiff's claims is therefore precluded by the Florida statute of limitations.

## IV. CONCLUSIONS AND RULING

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 24] is **GRANTED**, that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**, that all pending motions are **DENIED AS MOOT**, and that the Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of August, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record